**IN THE UNITED STATES DISTRICT COURT**
**OF THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **HEATH ROBBERSON, AMY ABRAHAM, and PBY SPORTS INCORPORATED,** | ) | |
| **Petitioners,** | ) | **Misc. Case No.** |
| **v.** | ) | |
| **45 SPORTS TRAINING, LLC,** | ) | |
| **Respondent.** | ) | |

**<u>HEATH ROBBERSON, AMY ABRAHAM, AND PBY SPORTS INCORPORATED'S MOTION/PETITION TO COMPEL COMPLIANCE WITH ARBITRATION SUBPOENAS</u>**

Pursuant to 9 U.S.C. § 7, Heath Robberson, Amy Abraham, and PBY Sports Incorporated ("Petitioners") respectfully submit this Motion/Petition to Compel Compliance with Arbitration Subpoenas Duces Tecum issued to third-party 45 Sports Training, LLC ("Respondent").

## INTRODUCTION

Petitioners commence this action to compel Respondent to comply with subpoenas duces tecum issued by an arbitrator presiding over a pending dispute (the "Arbitration") between Petitioners and D1 Sports Franchise, LLC ("D1 Sports"). The subpoenas direct the Respondent to produce documents outlined in an attached Schedule A. Though Respondent submitted written responses and objections in response to the first subpoena duces tecum,[1] in which Respondent indicated a limited production of documents would be forthcoming, Respondent has nonetheless failed to produce *any* documents.

---

[1] As explained further below, there are two subpoenas at issue—one for pre-hearing discovery (the "Discovery Subpoena") and one for production of documents at the hearing (the "Trial Subpoena")—that seek production of the same documents through identical Schedule As. True and correct copies of the Discovery Subpoena and Trial Subpoena are attached hereto as **<u>Exhibits A and B</u>**, respectively. A true and correct copy of Respondent's written responses and objections to the Discovery Subpoena is attached hereto as **<u>Exhibit C</u>**.

## PARTIES

1. Petitioners Heath Robberson and Amy Abraham are citizens and residents of Littleton, Colorado.

2. Petitioner PBY Sports Incorporated is a registered Colorado C Corporation with its principal place of business located at 6641 S Fenton Street, Littleton, Colorado 80123.

3. Non-party D1 Sports Franchise, LLC ("D1")[2] is a Tennessee limited liability company with its principal place of business located at 7115 South Springs Drive, Franklin, Tennessee 37067. D1 sells "D1 Training" franchises.

4. Respondent 45 Sports Training, LLC is a Tennessee limited liability company with its principal place of business located at 7115 South Springs Drive, Franklin, Tennessee 37067.

## JURISDICTION AND VENUE

5. This is a proceeding to enforce compliance with an arbitration subpoena in accordance with Section 7 of the Federal Arbitration Act ("FAA"). See 9 U.S.C. § 7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.[3]

6. The Court has personal jurisdiction over Respondent, as Respondent is a Tennessee limited liability company.

---

[2] D1 is the Respondent in Petitioners' underlying Arbitration for which Petitioners seek the enforcement of the subpoenas.

[3] "[T]he amount in controversy may be established by a good faith allegation of the subpoenaed information's value to the plaintiff in the underlying arbitration dispute." *Symetra Life Ins. Co. v. Admin. Sys. Rsch. Corp.*, 2022 U.S. App. LEXIS 30996, at *9 (6th Cir. Nov. 7, 2022). "[T]he documents sought in the subpoena need only pertain to a small fraction of the arbitral award for the amount-in-controversy requirement to be satisfied." *Id.* (citing cases). Here, Claimants have demanded $1.8 million in the underlying arbitration. *See* Arbitration Demand, attached hereto as **Exhibit D**.

7. Venue is proper in this judicial district pursuant to 9 U.S.C. § 7 because the arbitrator is "sitting" within this district for purposes of the underlying arbitration between Petitioner and D1 Sports.

## THE UNDERLYING ARBITRATION

8. This proceeding arises in relation to a dispute between Petitioner and D1 Sports Franchise, LLC, which is currently in an arbitration that is set for hearing beginning October 5, 2026, with Arbitrator John R. Downey, Judge Ret. Presiding.

9. Petitioners and D1 executed a Franchise Agreement on February 2, 2021, wherein Petitioners became franchisees of D1. The Franchise Agreement contains an arbitration provision and provides for application of the FAA to the arbitration.[4]

## THE SUBPOENA TO RESPONDENT

10. Respondent 45 Sports Training, LLC ("45 Sports") is an entity that owns and operates a number of D1 training franchise facilities across the country.

11. On July 7, 2026, the Arbitrator issued a pre-hearing discovery subpoena (the "Discovery Subpoena") requiring Respondent to produce documents relating to the D1 locations owned and controlled by it. *See* Ex. A.

12. An agent for Petitioners properly served the Discovery Subpoena on Respondent via personal service in accordance with Federal Rule of Civil Procedure 45(b)(1).

13. Due to the expedited nature of arbitration and time constraints provided by the parties' scheduling order, the Discovery Subpoena required production of documents by July 17, 2026. *See* Ex. A.

---

[4] Petitioners object to the enforceability of the Franchise Agreement, including the arbitration provision therein.

14. On July 14, 2026, counsel for Respondent served Respondent's written objections and responses to the Discovery Subpoena, wherein counsel for Respondent represented that at least a limited production of documents would be forthcoming, although not by the original July 17, 2026 deadline. *See* Ex. C.

15. Undersigned counsel was amenable to a reasonable extension of time; however on July 16, July 20, and July 23 undersigned counsel requested a date certain to expect production of the documents. Respondent did not respond.

16. On July 27, counsel for Respondent finally replied, stating, "I am working on getting the P&L statements gathered for you to review. Hang with me."

17. On August 3, undersigned counsel requested an update. Counsel for Respondent then indicated that documents would be produced "on or before this Friday," August 7, 2026.

18. The undersigned followed up on August 6 to confirm whether the documents would still be produced by August 7. On August 7, counsel for Respondent stated he would produce documents "as confidential/attorney's eyes only." The undersigned, in response, attached the protective order in effect in the underlying Arbitration, which contemplates such a designation. Respondent did not correspond further and still produced no documents.

19. On August 10 and 13, undersigned counsel again emailed Respondent requesting an update. Respondent did not respond to either email.

20. On August 14, undersigned counsel filed a Petition to Compel Subpoena Compliance against 45 Sports akin to the instant Petition for a related matter involving an arbitration between D1 and a different franchisee. Counsel for Respondent submitted a response to *that* petition on August 18. On the same day, undersigned counsel emailed counsel for

Respondent to again attempt to confer as to the document production in this matter and requested a response by August 20.

21. Meanwhile, out of an abundance of caution, as the deadline in the underlying arbitration for subpoenas to compel witnesses to bring documents at the hearing was passing, undersigned counsel requested another subpoena duces tecum be issued to 45 Sports to compel production of the same documents previously sought in Schedule A of the Discovery Subpoena. This second subpoena (the "Trial Subpoena") compels 45 Sports to produce the same Schedule A documents at the date of the hearing on October 5, 2026. *See* Ex. B.

22. On August 19, 2026, undersigned counsel served the Trial Subpoena on counsel for 45 Sports via email, again requesting Respondent confer regarding the outstanding document production. Co-counsel for Respondent replied that she would respond substantively "as soon as I get a chance to review."

23. August 20 (the undersigned's requested response date) came and went. On August 24, having received no additional correspondence from Respondent's counsel, undersigned counsel once again followed up via email, asking "Should we anticipate a response of any kind? This is (yet another) meet-and-confer request."

24. To date, counsel for Respondent has not responded, nor has Respondent produced any documents.

**<u>THE SUBPOENAS ARE ENFORCEABLE UNDER THE FAA</u>**

25. The FAA provides arbitrators with authority to issue subpoenas to non-parties, including subpoenas requiring the production of documents. 9 U.S.C. § 7 ("The arbitrators . . . may summon in writing any person to attend before them . . . as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as

evidence in the case. . . . if any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators . . . are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.").

26. There is a circuit split as to whether this subpoena power extends to *pre-hearing* discovery of documents, and the Sixth Circuit has not yet directly ruled on the issue. *See Symetra Life Ins. Co. v. Admin. Sys. Rsch. Corp.*, 2022 U.S. App. LEXIS 30996, at *15-16 (6th Cir. Nov. 7, 2022) (holding a pre-hearing subpoena enforceable where the arbitration panel summoned the witness to a hearing and to bring documents, but otherwise declining to address whether prehearing discovery is permitted under the FAA).

27. However, the Middle District of Tennessee has held that arbitrators have authority under the FAA to order production of documents from a non-party prior to the hearing. *See Meadows Indem. Co. v. Nutmeg Ins. Co.*, 157 F.R.D. 42, 44 (M.D. Tenn. 1993) (rejecting the argument that Section 7 of the FAA does not authorize arbitrators to issue pre-hearing subpoenas, as such argument "requires adoption of an unnecessarily constrictive and unreasonable reading of Section 7 which would limit the ability of the arbitration panel to deal effectively with a large and complex commercial case . . . and generally hamper the use of arbitration as a forum for dispute resolution."). Citing to *Meadows*, the 6th Circuit has likewise noted that "the FAA's provision authorizing an arbitrator to compel the production of documents from third parties for purposes of an arbitration hearing has been held to implicitly include the authority to compel the production of documents for inspection by a party prior to the hearing." *Am. Fed'n of TV & Radio Artists v.*

*WJBK-TV*, 164 F.3d 1004, 1009 (6th Cir. 1999); *see also Int'l Union of Painters & Allied Trades v. Clearview Glass & Glazing*, U.S. Dist. LEXIS 232331, at *4 (M.D. Tenn. Dec. 10, 2020) (same) (citing *Meadows*, 157 F.R.D. at 44-45).

28. In any case, the hearing date is less than six weeks away. Thus, to the extent the Court declines to enforce the Discovery Subpoena on a pre-hearing basis, the Court should still compel Respondent to produce the documents by the date of the hearing (October 5, 2026) pursuant to the Trial Subpoena and 9 U.S.C. § 7.

29. Here, the subpoenas were issued by a duly appointed arbitrator acting within the authority granted by the FAA. Respondent is represented by counsel, provided responses and objections to the Discovery Subpoena, and indicated that documents would be forthcoming. Respondent's refusal to comply with the subpoenas prevents Petitioners from obtaining critical information necessary to adequately pursue their claims. As such, the Court should compel Respondent to produce the documents it has already represented it would produce.

## PRAYER FOR RELIEF

For the foregoing reasons, Petitioners respectfully request this Court issue an order pursuant to 9 U.S.C. § 7 compelling Respondent to comply with the arbitration subpoenas.

DATED this 25th day of August, 2026.

Respectfully submitted,

*<u>/s/ Stuart A. Burkhalter</u>*
Stuart A. Burkhalter (BPR #29078)
Lauren M. Fariss (BPR #42518)
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
sburkhalter@rjfirm.com
lfariss@rjfirm.com

*Counsel for Petitioners*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court on August 25, 2026, was served upon the following via U.S. mail:

45 Sports Training, LLC
7115 South Springs Drive
Franklin, Tennessee 37067

With a copy via U.S. mail and email to:

Adam O. Knight (BPR #18071)
Sarah M. Ingalls (BPR #38383)
THOMPSON BURTON, PLLC
6100 Tower Circle, Ste. 200
Franklin, TN 37067
(615) 465-6000
adam@thompsonburton.com
singalls@thompsonburton.com

*Counsel for Respondent*

*<u>/s/ Stuart A. Burkhalter</u>*